# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

**FILED**

JUL 2 7 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

| | | |
|---|---|---|
| In re: | ) | Case No.:       2:15-bk-19694-DS |
| Tony Nan Thou, | ) | Chapter:        7 |
| Debtor. | ) | |
| _____ | ) | |
| Hok Tap, | ) | |
| Plaintiff, | ) | Adversary No. : |
| Vs. | ) | |
| Tony Nan Thou, | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT OBJECTING TO DISCHARGE
## ADVERSARY PROCEEDING

Hok Tap (the "Plaintiff"), individual Creditor of the Chapter 7, hereby complaints as follows:

## NATURE OF ACTION

1.    This is an adversary proceeding by the Plaintiff objecting to the discharge of the Defendant pursuant to FRBP 7001(1)(6) under Bankruptcy Code § 523(a)(4) and §548 against Tony Nan Thou (the "Defendant"), to avoid $150,000.00 in actual (the correct amount was only $80,000.00) and constructive fraudulent while acting as a fiduciary, embezzlement and/or larceny.

## JURISDICTION AND VENUE

2.    This court has jurisdiction because this adversary proceeding in, arises under, and is related to the chapter 7 case, pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, as Case No. 2:15-bk-19694-DS.

3.    This Court has personal jurisdiction over Defendant.

4.    Venue is proper in this District.

5.    This Complaint is a core proceeding in which the bankruptcy judge has jurisdiction to render a decision.

## FIRST CAUSE OF ACTION

6.    On or about early February 2014 and within two years before the filing of the Voluntary Petition with the U.S. Bankruptcy Court on June 17, 2015 herein, Defendant verbally and successfully convinced Plaintiff to invest in the lucrative partnership business, Peace Mortuary Support Service, providing support in mortuary service for the community.

7.    On March 1, 2014, Defendant asked Plaintiff to on-lend the initial cashes to help paying Defendant's exiting debts of $200.00 to his driver, Mr. Martin Marian, $200.00 to Mr. Hector Acosta, ad $1,000 to Defendant for his personal used. There were no receipt, it was cashes only.

8.    On March 11, 2014, both parties agreed and registered the Fictitious Business Name Statement with the County of Los Angeles under the DBA: Peace Mortuary Support Service, as attached copy in Exhibit "A."

9.    Defendant acted as a President and handling all business marketing and managing;

And, Plaintiff acted as a Vice President of the partnership and did all administrative works in office including handling all incomes and expenses as identified in attached business cards in Exhibit "B."

10.    On March 25, 2014, before going to open a business bank account with Wells Fargo Bank, Defendant handed a hand written single piece of paper and asked the Plaintiff to sign and confirmed only 25% shares of the partnership interest to Plaintiff and 75% to Defendant as attached "C."

11.    When both parties arrived at the Wells Fargo Bank, Defendant asked the bank officer to open a business bank account with the 25% to Plaintiff and 75% to Defendant. The bank officer of the Wells Fargo Bank refused to authorize and approve any credit line unless the equity share to Plaintiff was confirmed by Defendant at the 49% to Plaintiff and 51% to Defendant. And, the new written single piece letter of confirmation was again prepared right in front the bank officer by Defendant and signed by both parties as identified in the attached "D."

12.    Plaintiff was been immediately approved a line of credit against Plaintiff's house at 515 E. Hill Street Long Beach, CA 90806 by the Wells Fargo Bank officer for the amount of $10,000.00.

13.    The business account was set up by Defendant with the bank officer under the name of "Peace Mortuary Support Service" with two (2) signatory holders, Defendant ("Nan Thou") or Plaintiff ("Hok Tap"). There were two (2) debit cards has been asked by Defendant, one for Defendant and another one for Plaintiff.

14.    Plaintiff had no knowledge at about the word "And" or "Or" since Plaintiff was only know to read and write some simple English and had no formal school in U.S.A. Defendant's

debit card was activated by Defendant immediately, but Plaintiff's debit card was never been activated at any time by Plaintiff.

15.    Defendant prepared a General Partnership Agreement and handed over to Plaintiff but asked Defendant to first review only. Second, this General Partnership Agreement will be signed by both parties after Defendant received the money from the sale of Defendant's real estate property in Cambodia. Third, Defendant promised to pay the investment capital of $51,000.00 representing 51% equity shares in the partnership. And, fourth, Defendant asked Plaintiff to place the equity shares of 49% or an amount equal to $49,000.00 since the proposed total investment capital was $100,000.00 as identified in the General Partnership Agreement as attached in Exhibit "E."

16.    On March 28, 2014, Plaintiff obtained a private loan in an amount of $38,000.00 and on March 29, 2014 to March 31, 2014, Plaintiff used the money to purchase four (4) vehicles and three (3) vehicles had a registered title under the Plaintiff's name: (1) 2005 Toyota Siena, WIN No. 5TDZA23C95S223390, and License Plate No. 7ENU824; (2) 2005 Honda Odyssey, WIN No. 5FNRL38475B081627, License Plate No. 7FAX059; and (3) 2004 Toyota Siena, WIN No. STDZA23C04S110670, and License Plate No. 5FVP897.  Plaintiff did also buy another vehicle, 2000 Honda Odyssey, WIN No. 2HKRL1879YH587223, under Plaintiff's name but there was either the License Plate or the Registration Title of Ownership had been properly issued and registered with Department of Motor Vehicle of the State of California. And, Plaintiff bought insurance poly to cover all four (4) vehicle plus the business risk insurance policy for Peace Mutual Support Service as required for the mortuary supportive service with main contractor companies. There were about $40,000.00 has been spent as identified in the receipt copy attached in Exhibit "F."

17.    On April 1, 204, Defendant requested to help paying in advance again to all

Defendant's existing sub-contractors of $200.00 to Mr. Keith Lyles, $200.00 to Mr. Martin

Marian, $200.00 Mr. Hector, $200.00 Jonathan, and $800 to Defendant for personal used.

All payments made in form of cashes only with no receipts.

18.    On April 15, 2014, Defendant started to receive two (2) checks with a total payment

of $709.00 from the partnership business operation. Defendant immediately asked Plaintiff to

make a deposit of both checks with the total amount of $709.00 into the partnership bank

account with Wells Fargo Bank to be used to pay for the sub-contractors and business

expenses.

19.    On May 1, 2014, Plaintiff signed one (1) checks made payable to Mr. Keith Lyles,

who was a sup-contract driver. Mr. Keith Lyles stepped into the Wells Fargo Bank with the

intent to cash his check, the bank officer refused to honor the check and Mr. Keith Lyles

called Plaintiff from the bank and told Plaintiff that there were no fund in the bank and he was

not be able to cash his check as attached Exhibit "G."  Plaintiff immediately stepped into the

Wells Fargo Bank, and has been told by the bank officer that those funds deposited in April

15. 2014 had been completely cashed out by Defendant in the next following day. Plaintiff

was immediately asking the bank officer to transfer $5,000.00 cash from Plaintiff's personal

account and caused to deposit into the partnership bank account to be used to pay for any

expenses incurred for the partnership business. From the business partnership account,

Plaintiff did sign other checks to make payment of $490.00 to Ms. Jenny, sub-contractor,

another check $1,377.92 made payable to American Express Card holder for the card lent to

Defendant used to put gasoline on the operation vehicles, and the remaining balance of

$2,533.08 was quietly cashed out by Defendant's debit card and the entire remaining balance in the bank account was $49.00 as identified in the attached Exhibit "H."

20.    On May 28, 2014, Plaintiff has found out from American Express Card Statement That there were numerous transactions have been charged on the American Express Card, that Plaintiff lent to Defendant to put a gasoline on the vehicle for the partnership operation but the charges were not specifically charged for the gasoline only, there were many transactions charged for Defendant's personal foods and other persona used. Plaintiff immediately asked and demanded for the American Express Card back and this was making Defendant fuel up and got very angry with the Plaintiff. Plaintiff received the statement from the American Express and has found out that the card was used and the last transaction was on June 10, 2014. Plaintiff was so surprising and kept asking how can Defendant had ability to make a charge on any transaction on American Express Card since the card was given back to Plaintiff in May 28, 2014 unless and until Defendant obtained a duplicate card under Plaintiff's name, social security number and date of birth with Plaintiff's consent  as identified in Exhibit "I."

21.    On April 15, 2014, Defendant and his wife made many telephone calls bagging and asking to lend $5,000.00 for Defendant's family emergency and Defendant promised to repay in full within two (2) to three (3) weeks by the money from Cambodia after Defendant sold its real property in Cambodia.

22.    Plaintiff agreed and stepped into the bank in a following day to withdraw $5.000.00 cashes and handed over to Defendant with no receipt since Plaintiff believed that Defendant was a good person to be with and Defendant had brought in the lucrative business to Plaintiff as identified in a bank receipt in Exhibit "J."

23.    On June 25, 204, Plaintiff finally learned that Defendant was not faithfully operating business partnership in properly manner. Defendant did not disclose any income generated from the business operation; except, two (2) checks in April 30, 2014 with the amount of $709.00. Plaintiff decided to cease and withdrawal from partnership operating under fictitious business name as identified in exhibit "K."

23.    On July 18, 2014, Plaintiff notified Defendant about the withdrawal from the the partnership business and asked Defendant to return all vehicles ac to Plaintiff, but Defendant did not return any vehicle back to Plaintiff. On July 24, 2014, with the help of the Long Beach Police Officer, Plaintiff was able to rescue one vehicle, 2005 Toyota Siena, WIN No. 5TDZA23C95S223390, and License Plate No. 7ENU824, back from Defendant's apartment, 1480 Cerritos Ave., Long Beach, CA 90813; and, on August 15, 204, Defendant created a lien against one vehicle, 2005 Honda Odyssey, WIN No. 5FNRL38475B081627, License Plate No. 7FAX059, the registered Title was on Plaintiff's name, and the Notice of Pending Lien Sale for Vehicle Value $4000 or Less has been sent to Plaintiff by Mr. Ted Stinson, Pacific Automotive Service. On September 9, 2014, with the support from Plaintiff's attorney-at-law, Mark E. Madison, who handles the Civil Complaint filed in the Superior Court of the State of California for the County of Los Angeles, South district, Case No.? NC 059676, and who convinced Mr. Ted Stinson to return this stolen vehicle back to the original registered owner, this 2005 Honda Odyssey was returned with no lien by Mr. Ted Stinson back to Plaintiff as attached Exhibit "L."

24.    As of today date hereto, Defendant has not returned the two (2) remaining vehicles, 2004 Toyota Siena, WIN No. STDZA23C04S110670 with License Plate No. 5FVP897; and, another vehicle, 2000 Honda Odyssey, WIN No. 2HKRL1879YH587223, back to the Plaintiff

yet. Plaintiff believes that Defendant may sold and transferred one of the vehicle for cashes and used the cashes from the proceed to fix Defendant's vehicle.

25.    On January 9, 2015, Plaintiff has just learned that Defendant illegally used Plaintiff's name and personal information such as social security number, date of birth, address to connect internet access with Charter Communications at Defendant's address, 1480 Cerritos Ave., Long Beach, CA 90813. Defendant did not pay the service fee and the collection agency, Credit Collection Service, started to send a demand for payment letter to Plaintiff's house. Plaintiff has never been asked before by Defendant; and, Plaintiff has never authorized any internet service for Defendant's location. There was no prior consent made by Plaintiff. Defendant kept steeling Plaintiff's personal information ("identity theft") and used for its own scammed benefit as attached Exhibit "M."

26.    Defendant did never put up any investment capital of $51,000.00 into the general partnership business venture. Defendant kept lying to Plaintiff many and many times and Defendant kept saying that once the Defendant received money from Cambodia, Defendant will pay all money back. Defendant kept borrowing cashes from Plaintiff for its personal used. Defendant did transfer, remove and size to control all four (4) vehicles. Two (2) remaining vehicles were still controlled by Defendant (possible one vehicle was illegally sold and transferred without Plaintiff's consent even the vehicle was registered under Plaintiff's name with the intense to hinder, delay, or defraud the Plaintiff or creditor.

## SECOND CAUSE OF ACTION

27.    That the Defendant concealed all information about the two (2) other vehicles, that

the Defendant failed to keep or preserved the truth about the sale of its property in Cambodia, and that the Defendant directly caused Plaintiff the severe damages which incurred a total damages up to $80,000.00. As a result of this scammed artist, Plaintiff has lost all personal saving funds, second line of credit against the property, private loans from friends in the community and credit card debts.

28.    On June 17, 2015, Defendant filed a Voluntary Petition in the U.S. Bankruptcy Court, Defendant listed:

(a) no real property in Schedule A, but when Defendant borrowed money and asked Plaintiff to do partnership business, Defendant repeatedly told Plaintiff that Defendant was waiting for the rea estate sold in Cambodia.

(b)  Schedule E – Creditor Holding secured Priority Claim, there were Settle DSHS with an amount of $13,574.00 and LA Child Support DSHS with amount of $15,557.00.

(c) Schedule F – Creditor Holding Unsecured Non-Primary Claim, Mark E. Madison for original creditor, Hok Tap was $150,000.00.  This claim incurred amount was not true and the actual amount was not exceeding $80,000.00. And, this indicated that Defendant has falsified its recorded information for which Defendant's intention clearly defraud Plaintiff.

(d)  Schedule I – Your Income, Defendant listed a family financially support assistance of $1,000.00 per month. Defendant did not list any additional income from any self-employed source, which Defendant keeps telling Cambodian community that Defendant is in the mortuary supportive service.

(e)  Schedule J – Your Expenses, Defendant listed that Defendant paid rent $400.00 per Month. But, in fact, there was no bed room or singe room rents for $400.00 per month in ng Beach City; Defendant paid for Food $75.00 per month, and this is a lie since family of 3

people will cost at least $100 per week and average $400 per month for food at least; car

payment paid $230.00 per month to the lien holder.

   (f) Form 7, Statement of Financial Affairs:

   (1) Question #3, Defendant listed car payment of $690.00. This is another lie made by

     Defendant in the record and $690.00 was not consisted with Schedule J in the petition.

   (2) Question #20, Inventory, Defendant listed none, but, in fact, there were business

     equipment were bought and placed in to the partnership business by Plaintiff such as

     vehicles, computers, printers, telephone units, tables, chairs and other equipment to

     be used to transfer dead bodies from place to another place in the vehicles.

   (3) Question #14, Property Held from another party, Defendant checked none, but

     Defendant still hold and controlled Plaintiff's two vehicle without releasing back to

     Plaintiff yet. It was a lie again.

   (4) Question #22, Former Partnership, Directors, Shareholder, Defendant checked box

     none. This is a big lie again since Defendant did partnership business with Plaintiff

     between February 2014 and June 2014 within the last two years.

   (5) Question #23, Withdrawals from a partnership or Distribution by a Corporation,

     Defendant checked none again but, in fact, Plaintiff has just withdrawal partnership

     with Defendant on June 25, 2014 as attached Exhibit "L."

### THIRD CAUSE OF ACTION

29. That the Defendant knowingly and fraudulently made a false oath and presented a

false claim concerning Defendant's property or financial affairs. Defendant kept telling Plaintiff that Defendant will pay all money back to Plaintiff after Defendant received money from the sale of its real estate in Cambodia.

## FOURTH CAUSE OF ACTION

30.    That on July 21, 2015 at the meeting of Creditors, although Plaintiff asked about the Cambodian real estate, Defendant responded none whatsoever. Defendant asked about the two vehicles, Defendant answered no and Defendant has never taken any Plaintiff's vehicles.

31.    Defendant failed to disclose satisfactory on property in Cambodia. Defendant listed $150,000.00 as the claim incurred to Plaintiff. Defendant failed to satisfactorily list financial income and statement in Schedule I and J that Defendant has no other income from any self-employed and Defendant list only $75.00 per month spending for food for three people in its family. Defendant disclosed a very poor income and expense statement with the intent to make U.S. Trustee, the U.S. Bankruptcy Court and the Creditors know that the Defendant is a poor person and have no any asset to justify and Defendant believes that all of Defendant's debts will be discharged as under the U.S. Bankruptcy Rule of the Chapter 7.

32.    On July 21, 2014 at the Trustee conference, Trustee did ask if Defendant has sold and transfer any property within the last 5 years before filing the Petition, Defendant immediately responded that "No." but in fact, Defendant did sell and transfer car under the name of Plaintiff.

## FIFTH CAUSE OF ACTION

33.    That the Defendant should not be granted a discharge on Voluntary Petition filed on

June 17, 2015 based on fraud, embezzlement, and/ or larceny under §523(a)(4) of the United

States Bankruptcy Code.


WHEREFOR, Plaintiff demands judgment:

1.  Denying the Defendant's discharge base on fraud as fiduciary, embezzlement
    and/or larceny under §523(a)(4) and fraudulent transfer under §548 of the United
    States Bankruptcy Code.

2.  Returning the remaining two (2) vehicles, office computer, fax, telephone and
    others, including cashes investment and loan payment back to Plaintiff. And,

3.  For such order relief as the court may deem just.

Date: _07-27-2015_                         _Hok Tap._

                                            Hok Tap, Plaintiff, In Pro Per

                                            515 E. Hill Street

                                            Long Beach, CA 90806

                                            Telephone (562)373-8248

1

2          Exhibit "A"

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YOUR RETURN MAILING ADDRESS

NAME: NAN THOU

ADDRESS: 1480 CERRITOS AVE #C

CITY: LONG BEACH                    STATE: CA    ZIP CODE: 90813

```
2014065053
||||||||||||||||||||||||||||||||
FILED
Mar 11 2014
Dean C. Logan, Registrar-Recorder/County Clerk
Electronically signed by MEEKIE FISHER
```

# FICTITIOUS BUSINESS NAME STATEMENT

## TYPE OF FILING AND FILING FEE (Check one)

- [x] Original- $26.00 (FOR ORIGINAL FILING WITH ONE BUSINESS NAME ON STATEMENT)
- [ ] Amended (New) Filing- $26.00 (CHANGES IN FACTS FROM ORIGINAL FILING- REQUIRES PUBLICATION)
- [ ] Refile- $26.00 (NO CHANGES IN THE FACTS FROM ORIGINAL FILING)

$5.00 - FOR EACH ADDITIONAL BUSINESS NAME FILED ON SAME STATEMENT, DOING BUSINESS AT THE SAME LOCATION  $5.00- FOR EACH ADDITIONAL OWNER IN EXCESS OF ONE OWNER

### The following person(s) is (are) doing business as:

*1. PEACE MORTUARY SUPPORT SERVICE

** 1480 CERRITOS AVE #C                              2.
Street address of principal place of business          Print Fictitious Business Name(s)

LONG BEACH            CA      90813      LOS ANGELES
City                  State   Zip        COUNTY                    Mailing address if different

                                                        City                        State  Zip

Articles of Incorporation or Organization Number (if applicable)  AI #ON

***REGISTERED OWNER(S):

1. NAN THOU                              2. HOK TAP
   Full Name/Corp/LLC (P.O. Box not accepted)    Full Name/Corp/LLC (P.O. Box not accepted)

   1480 CERRITOS AVE #C                  515 E.HILL ST
   Residence Address                     Residence Address
   LONG BEACH          CA      90813     LONG BEACH          CA      90806
   City               State   Zip        City               State   Zip

   If Corporation or LLC - Print State of Incorporation/Organization    If Corporation or LLC - Print State of Incorporation/Organization

3.                                       4.
   Full Name/Corp/LLC (P.O. Box not accepted)    Full Name/Corp/LLC (P.O. Box not accepted)

   Residence Address                     Residence Address

   City               State   Zip        City               State   Zip

   If Corporation or LLC - Print State of Incorporation/Organization    If Corporation or LLC - Print State of Incorporation/Organization

IF MORE THAN FOUR REGISTRANTS, ATTACH ADDITIONAL SHEET SHOWING OWNER INFORMATION

****THIS BUSINESS IS CONDUCTED BY: (Check one)

- [ ] an Individual
- [x] a General Partnership
- [ ] a Limited Partnership
- [ ] a Limited Liability Company
- [ ] an Unincorporated Association other than a Partnership
- [ ] a Corporation
- [ ] a Trust
- [ ] Copartners
- [ ] a Married Couple
- [ ] Joint Venture
- [ ] State or Local Registered Domestic Partners
- [ ] a Limited Liability Partnership

*****The date registrant started to transact business under the fictitious business name or names listed above:        N/A

(Insert N/A above if you haven't started to transact business)

### I declare that all information in this statement is true and correct.

(A registrant who declares as true any material matter pursuant to Section 17913 of the Business and Professions Code that
the registrant knows to be false is guilty of a misdemeanor punishable by a fine not to exceed one thousand dollars ($1,000).)

REGISTRANT(S)/CORP/LLCNAME (PRINT)    NAN THOU

                                                        TITLE    CO PARTNER

**REGISTRANT SIGNATURE**                              IF CORP OR LLC, PRINT NAME

**If corporation, also print corporate title of officer. If LLC, also print title of officer or manager.**
This statement was filed with the County Clerk of LOS ANGELES on the date indicated by the filed stamp in the upper right corner

NOTICE - IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE
DATE ON WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS
AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS OF A
REGISTERED OWNER. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION. EFFECTIVE JANUARY 1, 2014, THE FICTITIOUS
BUSINESS NAME STATEMENT MUST BE ACCOMPANIED BY THE AFFIDAVIT OF IDENTITY FORM.

THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF
ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE)

*I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.*

*DEAN C. LOGAN, LOS ANGELES COUNTY CLERK*

                                                        BY:    MEEKIE FISHER                        , Deputy

Rev. 01/2014        P.O. BOX 1208, NORWALK, CA 90651-1208        PH: (562) 462-2177        WEB ADDRESS: LAVOTE.NET

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAR 1 1 2014

Dean C. Logan    REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

Exhibit "B"





1

2          Exhibit "C"

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I Nan Thou        SSI # 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
                  DL # C1888300  Exp 07-24-17

HoK - Tap.        SSI - 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
                  DL# C1023344. Exp 06-02-15

We agreed to open Bussness account#

and Bussness call Mortnary Support Service

I Nan Thou  75% Owner

I HoK- Tap 25% Owner

Nan Thou    3/25/14        HoK Tap

1

2          Exhibit "D"

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I Nan Thou    SSI # 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
              DL# C1888300  Exp 07-24-17

Hok-Tap.   SSI - 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
              DL# C102344. Exp 06-02-15

We agreed to open Bussness account #

and Bussness call Mortnary Support Service

 I Nan Thou  57%  Owner

 I Hok-Tap 49%  Owner

   Nan Thou   3/25/14      Hok Tap

1

2          Exhibit "E"

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# GENERAL PARTNERSHIP AGREEMENT

THIS GENERAL PARTNERSHIP AGREEMENT (hereinafter "the Agreement") made and effective this 04 day of April, 2014, by and between the following individuals, referred to in this Agreement as "the Partners":

**1. NAN THOU 1480 CERRITOS AVE LONG BEACH CA 90813 (hereinafter "First Partner"), and**

**2. HOK TAP 515 E HILL ST LONG BEACH CA 90806 (hereinafter "Second Partner"), each referred to as "Partner" individually and as "Parties" collectively.**

The Partners wish to set forth, in a written agreement, the terms and conditions by which they will associate themselves in the Partnership.

NOW, THEREFORE, in consideration of the promises contained in this Agreement, the Partners affirm in writing their association as a Partnership in accordance with the following provisions:

**1. Formation; Name and Place of Business.**

By this Agreement and pursuant to the Revised Uniform Partnership Act of 1994, the Partners hereby agree to form a general partnership named as **Peace Mortuary Support Service** or such other name as is approved by the Partners, and also agree that such name shall be used at all times in connection with the Partnership's business and affairs. Its principal place of business shall be in **[City, State]** until changed by agreement of the Partners, but the Partnership may own property and transact business in any and all other places as may from time to time be agreed upon by the Partners. The Partners shall execute such assumed or fictitious name certificates as may be desirable or required by law to be filed in connection with the formation of the Partnership and shall cause such certificates to be filed in all appropriate public records.

**2. Purpose.**

The purpose of the Partnership shall be to Transport Decedent from Hospital or Resident to mortuary. The Partnership may also engage in any and every other kind or type of business, whether or not pertaining to the foregoing, upon which the Partners may at any time or from time to time agree.

**3. Term.**

The Partnership shall commence as of the date of this Agreement and shall continue until terminated as provided herein or by law.

**4. Partners' Addresses.**

The addresses of the Partners shall be those stated on Schedule "A" attached hereto and Incorporated herein by reference. A Partner may change such address by written notice to the other Partners, which notice shall become effective upon receipt.

**5. Capital Accounts.**

A. The Partners shall make an initial investment of capital, contemporaneously with the execution of this Agreement, as follows:

| Partners | Capital |
|---|---|
| 1.  **First Partner** | Fifty one thousand dollars ($51,000.00) |
| 2.  **Second Partner** | Fourty nine thousand dollars ($49,000.00) |

In addition to each Partner's share of the profits and losses of the Partnership, as set forth in Section 6, each Partner is entitled to an interest in the assets of the Partnership.

B. The amount credited to the capital account of the Partners at any time shall be such amount as set forth in this Section 5 above, in addition to the Partner's share of the net profits of the Partnership and any additional capital contributions made by the Partner and less the Partner's share of the losses of the Partnership and any distributions to or withdrawals made by the Partner. For all purposes of this Agreement, the Partnership net profits and each Partner's capital account shall be computed in accordance with Generally Accepted Accounting Principles, consistently applied, and each Partner's capital account, as reflected on the Partnership federal income tax return as of the end of any year, shall be deemed conclusively correct for all purposes, unless an objection in writing is made by any Partner and delivered to the accountant or accounting firm preparing the income tax return within one (1) year after the same has been filed with the Internal Revenue Service. If an objection is so filed, the validity of the objection shall be conclusively determined by an independent certified public accountant or accounting firm mutually acceptable to the Partners.

C. Additional Capital Contributions: Each Partner hereby agrees that, in addition to its initial Capital Contribution under Section 5.A hereof, it will contribute additional capital to the Partnership if the Partners determine, in their reasonable discretion, that such contributions are required to enable the Partnership to do as follows:

**[INSERT APPLICABLE PROVISION REGARDING ADDITIONAL CAPITAL CONTRIBUTIONS]**

Such additional capital contributions shall be made by the Partners within twenty (20) business days after written notice is received by such Partner setting forth the amount of additional capital required.

D. Default In Making Additional Capital Contributions.

**[INSERT APPLICABLE DEFAULT PROVISION REGARDING FAILURE TO MAKE ADDITIONAL CAPITAL CONTRIBUTIONS]**

E. Additional Capital in excess of initial Capital Contribution: No Partner shall be liable for additional Capital Contributions in excess of the initial Capital Contribution specified in Section 5.A and any additional Capital Contributions required pursuant to Section 5.C.

F. Withdrawal and Return of Capital: A Partner shall not have the right to withdraw any of its capital without the consent of all the Partners, except upon dissolution and liquidation of the Partnership. Except as otherwise stated herein, no Partner shall be allowed to receive property other than in the case of the return of any Capital Contribution.

## 6. Profits and Losses.

A. At the end of every financial year the net profit of the Partnership shall be determined.

B. Such profit shall be divided between the Partners in the same proportion as their respective contribution to the Partnership. While the Partners shall be entitled to make such monthly drawings from the Partnership as may be agreed by and between them, the same shall be adjusted against their share of the net profit at the end of the relevant financial year. In the event of profits not being earned or not being sufficiently earned in the relevant financial year, the Partners shall forthwith reimburse to the Partnership the amount of their drawings or the amounts drawn by them in excess of their share of profits, or alternatively shall have their drawing adjusted against profits, if any earned during the immediately succeeding financial year. In the event of a Partner choosing to have his/her drawings or excess drawings adjusted against net profits earned during the next financial year, the same shall be considered to be a loan granted by the Partnership to such Partner, which shall carry interest at the rate of **[Amount in Words]** percent (**[Amount in Numerals]%**) per annum.

C. In the event any Partner chooses to leave his/her share of net profits in the company, he/she shall not be entitled to any interest on the same and shall further be liable for any tax that the Partnership may be liable to pay thereon.

D. The Partners shall be entitled to leave the profits in the firm for reasons that may suit their personal situation, but they shall withdraw the dividends.

E. The Partners shall not be entitled to any salary.

F. The losses of the business shall be borne by the Partners in proportion with their shares in the Partnership unless otherwise expressly agreed in writing.

## 7. Books and Records of Account.

The Partnership books and records shall be maintained at the principal office of the Partnership and each Partner shall have access to the books and records at all reasonable times. There shall be established on the books and records of the Partnership a Capital Account for each Partner. The Capital Account for each Partner shall at all times be maintained and adjusted according to the rules set forth in Section 1.704-1(b)(2)(iv) of the Treasury Regulations.

## 8. Transfer of Partnership Interests.

A. Restrictions on Transfer. None of the Partners shall sell, assign, transfer, mortgage, encumber, or otherwise dispose of the whole or part of that Partner's interest in the Partnership, and no purchaser or other transferee shall have any rights in the Partnership as an assignee or otherwise with respect to all or any part of that Partnership interest attempted to be sold, assigned, transferred,

© 2013 Docstoc Inc.

mortgaged, encumbered, or otherwise disposed of, unless and to the extent that the remaining Partner(s) have given consent to such sale, assignment, transfer, mortgage, or encumbrance, but only if the transferee forthwith assumes and agrees to be bound by the provisions of this Agreement and to become a Partner for all purposes hereof, in which event, such transferee shall become a substituted Partner under this Agreement.

B. Transfer Does Not Dissolve Partnership. No transfer of any interest in the Partnership, whether or not permitted under this Agreement, shall dissolve the Partnership. No transfer, except as permitted under Subsection 8.A above, shall entitle the transferee, during the continuance of the Partnership, to participate in the management of the business or affairs of the Partnership, to require any information or account of Partnership transactions, or to inspect the books of account of the Partnership; but it shall merely entitle the transferee to receive the profits to which the assigning Partner would otherwise be entitled and, in case of dissolution of the Partnership, to receive the interest of the assigning Partner and to require an account from the date only of the last account agreed to by the Partners.

**9. Death, Incompetency, Withdrawal, or Bankruptcy.**

Neither death, incompetency, withdrawal, nor bankruptcy of any of the Partners or of any successor in interest to any Partner shall operate to dissolve this Partnership, but this Partnership shall continue as set forth in Section 3, subject, however, to the following terms and conditions:

A. Death or Incompetency.

**[Click here and then click the arrow on that tab that appears above to select a paragraph for this section. You can insert each to review it more closely—when you insert the other, the first is automatically replaced.]**

B. Payments upon Retirement or Withdrawal of Partner.

(1) Amount of Payments: Upon the retirement or withdrawal of a Partner, that Partner or, in the case of death or incompetency, that Partner's legal representative, shall be entitled to receive the amount of the Partner's capital account (as of the end of the fiscal year of the Partnership next preceding the day on which the retirement or withdrawal occurs) adjusted for the following:

(a) Any additional capital contributions made by the Partner and any distributions to or withdrawals made by the Partner during the period from the end of the preceding fiscal year to the day on which the retirement or withdrawal occurs;

(b) The Partner's share of profits and losses of the Partnership from the end of the preceding fiscal year of the Partnership to the day on which the retirement or withdrawal occurs, determined in accordance with Generally Accepted Accounting Principles, consistently applied; and

(c) The difference between the Partner's share of the book value of all of the Partnership assets and the fair market value of all Partnership assets, as determined by a fair market value appraisal of all assets. Unless the retiring or withdrawing Partner and the Partnership can agree on one appraiser, three (3) appraisers shall be appointed: one by the Partnership, one by the retiring or withdrawing Partner, and one by the two appraisers thus appointed. All appraisers shall be

© 2013 Docstoc Inc.

4

appointed within fifteen (15) days of the date of retirement or withdrawal. The average of the three appraisals shall be binding on all Partners.

(2) Time of Payments: Subject to a different agreement among the Partners or successors thereto, the amount specified above shall be paid in cash, in full, but without interest, no later than twelve (12) months following the date of the retirement or withdrawal.

(3) Alternate Procedure: In lieu of purchasing the interest of the retiring or withdrawing Partner as provided in subparagraph (1) and (2) above, the remaining Partners may elect to dissolve, liquidate and terminate the Partnership. Such election shall be made, if at all, within thirty (30) days following receipt of the appraisal referred to above.

## 10. Procedure on Dissolution of Partnership.

Except as provided in Section 9.B(3) above, this Partnership may be dissolved only by a unanimous agreement of the Partners. Upon dissolution, the Partners shall proceed with reasonable promptness to liquidate the Partnership business and assets and wind-up its business by selling all of the Partnership assets, paying all Partnership liabilities, and by distributing the balance, if any, to the Partners in accordance with their capital accounts, as computed after reflecting all losses or gains from such liquidation in accordance with each Partner's share of the net profits and losses as determined under Section 6.

## 11. Duties of Partners

A. Each Partner shall diligently attend to the business and devote his whole time and attention thereto;

B. Each Partner shall forthwith pay all monies, checks and negotiable instruments received by him or her on account of the firm into said bank to the firm account;

C. Each Partner shall be just and faithful to the other of them and at all times give to such other full information and truthful explanations of all matters relating to the affairs of the Partnership and afford every assistance in his or her power in carrying on the business for their mutual advantage;

D. The First Partner shall be responsible for Director.

E. The Second Partner shall be responsible for Office Manager.

## 12. Management Duties and Restrictions

The Partners shall have equal rights in the management of the Partnership business, and each Partner shall devote their entire time to the conduct of the business. Without the consent of the other partner neither partner shall, on behalf of the Partnership, borrow or lend money, or make, deliver, or accept any commercial paper, or execute any mortgage, security agreement, bond, or lease, or purchase or contract to purchase, or sell or contract to sell any property for or of the Partnership other than the type of property bought and sold in the regular course of its business. All overhead expenses including salaries, office space, lead generation, marketing, supplies, web

© 2013 Docstoc Inc.

design, and anything over **[Amount in Words]** dollars ($**[Amount in Numerals]**) shall be decided only by mutual consent.

### 13. Banking

All funds of the Partnership shall be deposited in its name in such checking account or accounts of **[Name of Bank]** as shall be designated by the Partners. All withdrawals therefrom are to be made upon checks signed by either partner.

### 14. Books

The Partnership books shall be maintained at the principal office of the Partnership, and each partner shall at all times have access thereto. The books shall be kept on a fiscal year basis, and shall be closed and balanced at the end of each fiscal year. An audit shall be made as of the closing date.

### 15. Title to Partnership Property.

If for purposes of confidentiality, title to Partnership property is taken in the name of a nominee or of any individual Partner, the assets shall be considered to be owned by the Partnership and all beneficial interests shall accrue to the Partners in the percentages set forth in this Agreement.

### 16. Leases.

All leases of Partnership assets shall be in writing and on forms approved by all the Partners.

### 17. Controlling Law.

This Agreement and the rights of the Partners under this Agreement shall be governed by the laws of the State of California.

### 18. Notices.

Any written notice required by this Agreement shall be sufficient if sent to the Partner or other party to be served by certified mail, return receipt requested, addressed to the Partner or other party at the last known home or office address, in which event the date of the notice shall be the date of deposit in U.S. Mail, postage prepaid.

### 19. General.

This Agreement contains the entire integrated agreement of the Partners with respect to the Partnership and may be amended only by the written agreement executed and delivered by all of the Partners.

### 20. Binding Effect.

This Agreement shall bind each of the Partners and shall inure to the benefit of (subject to the Sections 8 and 9) and be binding upon their respective heirs, executors, administrators, devisees, legatees, successors and assigns.

© 2013 Docstoc Inc.

IN WITNESS WHEREOF, the Partners have executed this Agreement the date first above written.

First Partner:    _____

By:               _____


Second Partner:   _____

By:               _____

© 2013 Docstoc Inc.

7

**SCHEDULE A**

1480 Cerritos Ave Long Beach, Ca90813

© 2013 Docstoc Inc.

Exhibit "F"

March 28, 2014

                                    LENDING AGREEMENT

NAME: HOK TAP
        515 East Hill Street
        Long Beach, Ca 90806
        PHONE: (562) 373-8248

I am HOK TAP, I would like to borrow money, Amount thirty Eight thousand two hundred dollars from
Mr. Tezz V. Ly.  This money will be used for Peace Mortuary Support Service located at 1480 Cerritos
Ave. Long Beach Ca 90813.  The phone number is (714) 613-3305.

For evidence, I Tezz V. Ly will be keeping documents such as receipts and car registration.

I HOK TAP will pay this amount 38,200.00 monthly to Mr. Tezz V. Ly.  In the event that anything happen
during this period the left over amount must return up to full amount and principle.

                        Sincerely,

                        Hok Tap
                        Tezz V. Ly

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

60614071426

VEHICLE HISTORY

**AUTOMOBILE**

VEHICLE ID NUMBER
5TDZA23C04S110670

YR MODEL
**2004**

MAKE
**TOYT**

PLATE NUMBER
**5FVP897**

BODY TYPE MODEL
**SV**

AX

UNLADEN WEIGHT

FUEL
**G**

TRANSFER DATE
**07/14/14**

FEES PAID
**#15**

REGISTRATION EXPIRATION DATE
**01/24/2015**

YR 1ST SOLD
**2004**

CLASS
**AD**

*YR
**2014**

MO
**VU**

EQUIPMT/TRUST NUMBER

ISSUE DATE
**07/14/14**

MOTORCYCLE ENGINE NUMBER

ODOMETER DATE
**07/18/2010**

ODOMETER READING

REGISTERED OWNER(S)
**TAP HOK
515 E HILL ST
LONG BEACH CA 90806**

-----
-----

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a_____ X_____
DATE                        SIGNATURE OF REGISTERED OWNER

1b_____ X_____
DATE                        SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads |__|__|__|__|__|__| (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

**WARNING** ☐ Odometer reading is **not** the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that **the foregoing is true and correct.**

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

2. X_____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

**CA**152419627

003492

REG. 17.30RS (REV.10/2012)

## KEEP IN A SAFE PLACE - VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

60614071426

AUTOMOBILE

VEHICLE ID NUMBER
5FNRL38475B081627

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID |
|---|---|---|---|---|---|
| SV | | | G | 07/14/14 | $15 |

| YR 1ST SOLD | CLASS | *YR | MO | EQUIPMT/TRUST NUMBER |
|---|---|---|---|---|
| | BE | 2014 | VU | |

MOTORCYCLE ENGINE NUMBER

REGISTERED OWNER(S)
TAP HOK
515 E HILL ST
LONG BEACH CA 90806

VEHICLE HISTORY

SALVAGED

| YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|
| 2005 | HOND | 7FAX059 |

REGISTRATION EXPIRATION DATE
04/10/2015

ISSUE DATE
07/14/14

ODOMETER DATE
07/14/2014

ODOMETER READING
131290 MI

ACTUAL MILEAGE

- - - - -

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a. _____ X _____
    DATE          SIGNATURE OF REGISTERED OWNER

1b. _____ X _____
    DATE          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads [_ _ _ _ _ _|_ ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

**WARNING** ☐ Odometer reading is **not** the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY | |

### IMPORTANT READ CAREFULLY
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

2. **X** _____
Signature releases interest in vehicle. (Company names must be countersigned)

Release Date _____

003494

CA152419629
REG. 17.30RS (REV.10/2012)

## KEEP IN A SAFE PLACE - VOID IF ALTERED

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW
VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW

# STATE OF CALIFORNIA

60614071426    **CERTIFICATE OF TITLE**

VEHICLE HISTORY

**AUTOMOBILE**

**SALVAGED**

VEHICLE ID NUMBER
STDZA23C95S223390

YR MODEL
**2005**

MAKE
**TOYT**

PLATE NUMBER
**7ENU824**

BODY TYPE MODEL
**SV**

AX

UNLADEN WEIGHT

FUEL
**G**

TRANSFER DATE
**07/14/14**

FEES PAID
**#15**

REGISTRATION EXPIRATION DATE
**11/08/2014**

YR 1ST SOLD
**2004**

CLASS
**AS**

YR
**2014**

MO
**VU**

EQUIPMT/TRUST NUMBER

ISSUE DATE
**07/14/14**

MOTORCYCLE ENGINE NUMBER

ODOMETER DATE
**07/14/2014**

ODOMETER READING
**130382 MI**

**ACTUAL MILEAGE**

REGISTERED OWNER(S)
**TAP HOK**
**515 E HILL ST**
**LONG BEACH CA 90806**

-----

I certify (or declare) under penalty of perjury under the laws of the State of California that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a. _____    X _____
    DATE                          SIGNATURE OF REGISTERED OWNER

1b. _____    X _____
    DATE                          SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads | | | | | | | (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

WARNING ☐ Odometer reading is **not** the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE | TRANSFEROR/SELLER SIGNATURE(S)   X | DATE | TRANSFEREE/BUYER SIGNATURE(S)   X

PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY | PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

## IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

2. X _____
   Signature releases interest in vehicle. (Company names must be countersigned)

   Release Date _____

003493    **CA152419628**

REG. 17.30RS (REV.10/2012)

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

VOID WITHOUT BEAR WATERMARK, HOLD TO LIGHT TO VIEW.

**AUTOMOBILE INSPECTION REPORT**

NO. **B318407**

DATE: 07-16-201_

PART 1 INSURED INFORMATION

Name _Lap,_ _Hok_

_(last, first, initial)_

Address _____     Telephone _____ Ho_

_(street)_                             Telephone _____ Bus_

_(city, state, zip code)_

Policy/Binder/Application No. _____

Insurer _____

PART 2 VEHICLE INFORMATION                    _(where applicable)_

License Plate No. _____ State _CA_ Year/Make _2000 Honda_ Model _Odyss_

Body Style 2 Dr. _____ 4 Dr. _____ St.W. _____ Van _____ Minivan _____ Truck _____ Convtbl _____ Htchbk_

Mileage _____ Vehicle I.D. Number | 2 | H | K | R | L | 1 | 8 | 7 | 9 | Y | H | 5 | 8 | 7 | 2 | 2 | 3 |  Color
_(odometer)_                                        _(obtain directly from vehicle)_

RECORD ANY VISIBLE EXISTING DAMAGE TO ANY OF THE FOLLOWING AREAS OF THE AUTOMOBILE. CHECK THE BO_
IS DAMAGE OR RUST

| | | | |
|---|---|---|---|
| 1. Front Bumper . . . . . . . . . . . . . □ | 9. Rt. Rear Qrtr. Panel. . . . . . . . . . □ | 17. Lft. Rear Glass . . . . . . . . □ |
| 2. Grill . . . . . . . . . . . . . . . . . . . □ | 10. Rt. Rear Door . . . . . . . . . . . . . □ | 18. Rear Glass . . . . . . . . . . □ |
| 3. Lft. Front Fender . . . . . . . . . . . □ | 11. Rt. Front Door . . . . . . . . . . . . □ | 19. Rt. Rear Glass . . . . . . . . □ |
| 4. Lft. Front Door . . . . . . . . . . . . □ | 12. Rt. Front Fender . . . . . . . . . . . □ | 20. Rt. Front Glass . . . . . . . . □ |
| 5. Lft. Rear Door . . . . . . . . . . . . □ | 13. Hood . . . . . . . . . . . . . . . . . □ | 21. Seats . . . . . . . . . . . . . □ |
| 6. Lft. Rear Qrtr. Panel. . . . . . . . . □ | 14. Roof . . . . . . . . . . . . . . . . . □ | 22. Center Console . . . . . . . □ |
| 7. Rear Bumper . . . . . . . . . . . . . □ | 15. Windshield . . . . . . . . . . . . . . □ | 23. Floor Covering . . . . . . . . □ |
| 8. Trunk/Rear Door . . . . . . . . . . . □ | 16. Lft. Front Glass . . . . . . . . . . . □ | 24. Dash Board . . . . . . . . . □ |

Describe Damage _____

RECORD THE PRESENCE OF ANY OF THE FOLLOWING EQUIPMENT OR ACCESSORIES NOT FACTORY INSTALLED.  CHEC_

| | | | |
|---|---|---|---|
| 1. Air Conditioning . . . . . . . . . . . □ | 9. Power Steering . . . . . . . . . . . . □ | 17. Air Bag (s) . . . . . . . . . . □ |
| 2. Tilt Wheel . . . . . . . . . . . . . . □ | 10. Power Brakes . . . . . . . . . . . . □ | 18. Automatic Transmission . |
| 3. Power Antenna . . . . . . . . . . . □ | 11. Vinyl Top . . . . . . . . . . . . . . □ | 19. Manual Transmission . . . |
| 4. Power Trunk . . . . . . . . . . . . □ | 12. Mounted Brake Lights . . . . . . □ | 20. Rear Window Defogger . |
| 5. Digital Instruments . . . . . . . . . □ | 13. Cruise Control . . . . . . . . . . . □ | 21. Rear Wiper . . . . . . . . . . □ |
| 6. Anti-Theft System . . . . . . . . . □ | 14. Tape Deck . . . . . . . . . . . . . □ | 22. Radar Detector . . . . . . . □ |
| 7. Compact Disc Player . . . . . . . . □ | 15. CB Radio . . . . . . . . . . . . . . □ | 23. Telephone . . . . . . . . . . □ |
| 8. Radio/Stereo . . . . . . . . . . . . □ | 16. Custom Wheels/Tires . . . . . . . □ | 24. Other . . . . . . . . . . . . . □ |

Enter Make and Model, Where Applicable _____

Describe Other Accessories _____

NOTE: The insured may, at his/her discretion, attach copies of receipts and/or other evidence showing the make and model of an_
not factory installed.

THE ABOVE IS A TRUE STATEMENT RECORDING ANY AND ALL EXISTING, VISIBLE DAMAGE, RUST AND/OR MISSING P_
THE DATE OF THIS INSPECTION. THE UNDERSIGNED CERTIFIES, UNDER PENALTY OF PERJURY, THAT THIS INSPECTI_
IS TRUE AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

Inspector Name _____

Date _____ / _____ / _____ Time _____ A.M. P.M. Location_____ Inspector Signature _____

Party Presenting Vehicle for Identification_____

Relationship to Insured _____ Signature _____

_(where applicable)_

Date _____ / _____ / _____ Time _____ A.M. P.M.

Photo/VIN Explanation Section _____

NOTE:   Authority:   Insurance Code sections 400, 401, 402, 403 and 12926
        Reference:   Insurance Code sections 400, 402 and 403

**ACORD®**

# CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 03/21/2014 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | | CONTACT NAME: | TEARIKA MCCLOSKEY | |
|---|---|---|---|---|
| ABRAM INTERSTATE INSURANCE SERVICES | | PHONE (A/C, No, Ext): (562)916-3550 | | FAX (A/C, No): (562)354-5265 |
| 2211 Plaza Drive, Suite 100 | | E-MAIL ADDRESS: tminsurance8@yahoo.com | | |
| ROCKLIN, CA 95765 | | | | |
| | | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| INSURED | | INSURER A : United State Liability | | |
| NAN THOU | | INSURER B : | | |
| 1480 Cerritos Ave | | INSURER C : | | |
| Long Beach, CA 90813 | | INSURER D : | | |
| | | INSURER E : | | |
| | | INSURER F : | | |

## COVERAGES
**CERTIFICATE NUMBER:**         **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **GENERAL LIABILITY** | | | | | | EACH OCCURRENCE | $ 1,000,000 |
| X | COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | CLAIMS-MADE   OCCUR | | | | | | MED EXP (Any one person) | $ |
| | | | | 01432464-0 | 03/21/2014 | 03/21/2015 | PERSONAL & ADV INJURY | $ |
| | | | | | | | GENERAL AGGREGATE | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | POLICY   PRO-JECT   LOC | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ALL OWNED AUTOS   SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | HIRED AUTOS   NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | **UMBRELLA LIAB**   OCCUR | | | | | | EACH OCCURRENCE | $ |
| | **EXCESS LIAB**   CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | DED   RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**   Y / N | | | | | | WC STATU-TORY LIMITS   OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) N / A | | | | | | E.L. EACH ACCIDENT | $ |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| THO NAN<br>1480 Cerritos Ave<br>Long Beach, CA 90813 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE |

**ACORD 25 (2010/05)**

© 1988-2010 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD



**ABRAM** INTERSTATE  Insurance Services, Inc.

ABRAM INTERSTATE INSURANCE SERVICES, INC.
2211 Plaza Drive, Suite 100
Rocklin, CA  95765
Phone: (916) 780-7000
Fax: (916) 780-7181

| | |
|---|---|
| To:  TM Insurance Services | **\* BINDER \*** |
| | 04/04/2014 |
| Attn: | Commission: 10% |
| | Renewal Of: NEW |
| From:  La`Troya McKinney | |
| latroyam@abraminterstate.com | |
| Insured:  **Thao Nan** | |
| **DBA: Peace Mortuary Support Services** | |

NOTE: This policy will be billed by the Company. Do not bill or collect the down payment.
Next year's renewal is set up to be Direct Billed.

Thank you for your order to bind. We appreciate your business! We have bound the below coverage. Policy to Follow Shortly

## POLICY INFORMATION

| COMMERCIAL LIABILITY POLICY | | |
|---|---|---|
| Policy Number: | | CL 1646307 |
| Policy Period: | | 04/03/2014 to 04/03/2015 |
| Carrier: | | United States Liability Insurance Company |
| Status: | | Admitted |
| A.M. Best Rating: | | A++ (Superior) - IX |

| COVERAGE PART | | PREMIUM |
|---|---|---|
| Commercial Liability | | $ 700.00 |
| Each Occurrence Limit | $1,000,000 | |
| Personal & Advertising Injury Limit (Any One Person/Organization) | $1,000,000 | |
| Medical Expense Limit (Any One Person) | $5,000 | |
| Damages To Premises Rented To You (Any One Premises) | $100,000 | |
| Products/Completed Operations Aggregate Limit | Included | |
| General Aggregate Limit | $2,000,000 | |

| POLICY PREMIUM  (This premium may be subject to adjustment.) | $ 700.00 |
|---|---|

## COVERED LOCATION(S)

1 - 1480 Cerritos Ave, Long Beach, CA 90813

## APPLICABLE FORMS & ENDORSEMENTS

The following forms apply to the Commercial Liability coverage part

| | | | | |
|---|---|---|---|---|
| CG0001 12/07 | Commercial General Liability Coverage Form | CG0068 05/09 | Recording And Distribution Of Material Or Information In Violation Of Law Exclusion |
| CG2136 03/05 | Exclusion - New Entities | CG2139 10/93 | Contractual Liability Limitation |
| CG2147 12/07 | Employment-Related Practices Exclusion | CG2294 10/01 | Excl - Damage To Work Performed By Subcontractors On Your Behalf |
| CG3234 01/05 | California Changes | IL0017 11/98 | Common Policy Conditions |
| IL0021 09/06 | Nuclear Energy Liability Exclusion Endorsement | IL0104 09/07 | California Changes |

Please contact us with any questions regarding the terminology used or the coverages provided.

TEARIKA INSURANCE
2750 E. SPRING ST#245
LONG BEACH, CA 90806



893517 5134 1 AT 0.406  PPAC501Q 023 005134

THOU NAN
PLEACE MORTUARYSUPPO
515 E. HILL ST
LONG BEACH, CA 90806

THOU NAN
**Policy Number: 01432464-0**
Underwritten by:
United Financial Casualty Company
Date of Mailing: June 1, 2014
Policy Period: Mar 17, 2014 - Mar 17, 2015
Page 1 of 2
**TEARIKA INSURANCE**
**1-562-916-3550**
**Online Service**
  **progressiveagent.com**
**Customer Service**
  **1-800-444-4487**

# Commercial Auto Insurance Bill
## Your premium has changed

| | |
|---|---|
| Remaining balance | **$1,163.19** |
| Payments remaining | 6 |
| **Minimum amount due** | **$173.92** |
| **Due date** | **June 17, 2014** |

To maintain your coverage, please pay the minimum amount due by the due date. Any amount you pay above your minimum will be credited to your next payment.

If you've scheduled a payment, it is not reflected in the amount due.

*Tired of writing checks?  Save time and money with Electronic Funds Transfer (EFT)! Contact your agent for more information.*

### Billing detail for May 1, 2014 - June 1, 2014

| | |
|---|---|
| Payment on May 7 - thank you | $528.49 |
| Current amount (based on premium change) | $164.92 |
| Installment fee | 9.00 |
| Minimum amount due | $173.92 |

Payments received after June 1 will appear on your next statement.

**Please see the reverse side.**

Continued on back

# Payment Coupon

| | |
|---|---|
| Remaining balance | $1,163.19 |
| **Minimum amount due** | **$173.92** |
| **Due date** | **June 17, 2014** |
| Amount enclosed | $ |

**Policy Number: 01432464-0**
THOU NAN

**For immediate payment**, please go to progressiveagent com or call 1-877-278-1615.

**If you pay by check**, please allow five to seven days for your payment to reach us. Write your policy number on the check and make it payable to United Financial Casualty Company.



PROGRESSIVE
PO BOX 105428
ATLANTA GA  30348-5428

Do not write below this section of coupon.
CA-72981    Form 6266 (10/10)

525701432464  04385  0017392  0116319  5000758  2054482  00000031,21,402

TEARIKA INSURANCE
2750 E. SPRING ST #245
LONG BEACH, CA 90806



891021 5044 1 AT 0 406 PPACS01Q 024 005044

THOU NAN
PLEACE MORTUARYSUPPO
515 E. HILL ST
LONG BEACH, CA 90806

THOU NAN
**Policy Number: 01432464-0**
Underwritten by:
United Financial Casualty Company
Date of Mailing: May 1, 2014
Policy Period: Mar 17, 2014 - Mar 17, 2015
Page 1 of 2
**TEARIKA INSURANCE**
**1-562-916-3550**
**Online Service**
      progressiveagent.com
**Customer Service**
      **1-800-444-4487**

# Commercial Auto Insurance Bill
## Your premium has changed

| | |
|---|---|
| Remaining balance | **$3,641.68** |
| Payments remaining | 7 |
| **Minimum amount due** | |
| **Due date** | **$528.49** |
| | **May 17, 2014** |

To maintain your coverage, please pay the minimum amount due by the
due date. Any amount you pay above your minimum will be credited to
your next payment.

If you've scheduled a payment, it is not reflected in the amount due.

### Billing detail for April 1, 2014 - May 1, 2014

| | |
|---|---|
| Payment on April 8 - thank you | $180.12 |
| Payment on April 14 - thank you | $150.00 |
| Current amount (based on premium change) | $519.49 |
| Installment fee | 9.00 |

*Tired of writing checks?  Save time
and money with Electronic Funds
Transfer (EFT)! Contact your agent
for more information.*

**Please see the reverse side.**



Continued on back

# Payment Coupon

| | |
|---|---|
| Remaining balance | **$3,641.68** |
| **Minimum amount due** | |
| **Due date** | **$528.49** |
| Amount enclosed | **May 17, 2014** |
| | $ |

**Policy Number: 01432464-0**
THOU NAN

**For immediate payment**, please go to
progressiveagent.com or call
1-877-278-1615.

**If you pay by check**, please allow five to
seven days for your payment to reach us.
Write your policy number on the check and
make it payable to United Financial Casualty
Company.

PROGRESSIVE
PO BOX 105428
ATLANTA GA  30348-5428

Do not write below this section of coupon.
CA-72981      Form 6266 (10/10)

TEARIKA INSURANCE
2750 E. SPRING ST #245
LONG BEACH, CA 90806

*PROGRESSIVE*

892557 4925 1 AT 0.406 PPACS01G 023 004925
Named insured

THOU NAN
PLEACE MORTUARYSUPPORTSRS
515 E. HILL ST
LONG BEACH, CA 90806

**Policy number:  01432464-0**
Underwritten by:
**United Financial Casualty Company**
May 21, 2014
Policy Period: Mar 17, 2014 - Mar 17, 2015
Page 1 of 3

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, print
policy documents, or check the status of a
claim.

**1-562-916-3550**
**TEARIKA INSURANCE**
Contact your agent for personalized service.

**1-800-444-4487**
For customer service if your agent is
unavailable or to report a claim.

# Commercial Auto
# Insurance Coverage Summary
## This is your Declarations Page
## Your coverage has changed

Your coverage began the later of March 17, 2014 at 12:01 a.m. or at the time your application is executed on the first day of the policy period.  This policy period ends on March 17, 2015 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for an auto may not be combined with the limits for the same coverage on another auto, unless the policy contract allows the stacking of limits. The policy contract is form 6912 (06/10). The contract is modified by forms Z311 (11/07), Z313 (05/07), 4852CA  (10/04), 4881CA  (12/04) and Z228 (01/11).
The named insured organization type is a sole proprietorship.

## Policy changes effective May 20, 2014

| | |
|---|---|
| Premium change: | -$1,959.00 |
| Changes: | The auto coverage schedule has changed.<br>The driver information has changed. |

The changes shown above will not be effective prior to the time the changes were requested.

Form 6489 CA (06/10)



Continued

Policy number: 01432464-0
THOU NAN
Page 3  of 3

2.  **2004 Toyota Sienna**

VIN:  5TDZA23C04S110670    Garaging Zip Code:  90813    Radius: 100

| Liability Premium | Liability | | Auto Total |
|---|---|---|---|
| | $856 | | |
| | | | **$856** |

## Premium discount

| Policy | | |
|---|---|---|
| 01432464-0 | Business Experience | |

## Loss Payee information

| 1. | Loss Payee | Auto 1 | GOLD ACCEPTANCE AUTO |
|---|---|---|---|
| | | | PO BOX 1889 ORANGE, CA 92856 |
| | | | 2002 Honda Odyssey (2HKRL18692H564667) |

## Company officers

President

Secretary

Form 6489 CA (06/10)

1

2          Exhibit "G"

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



```
              Wells Fargo Bank
              Transaction Receipt

  STORE # 0063769 08          Deposit


  Account Number          XXXXXX5386
    00114
  Cash In                      $0.00
  Number of checks                 2

                             $369.00
                             $340.00
  Total Deposited            $709.00
  Less Cash                  -$80.00
  Net Deposit Amount        $709.00


  Transaction # 020 0026
  05:00PM   04/30/14 Credited: 05/01/14


  If you do not have access to a retirement
  plan at work, an IRA can be a great way to
  save for retirement.


    Thank you, Dorsha
```

Exhibit "H"

# Wells Fargo Combined Statement of Accounts

Primary account number:  **8543835386**  ■  May 1, 2014 - May 31, 2014  ■  Page 1 of 6



PEACE MORTUARY SUPPORT SERVICE
1480 CERRITOS AVE APT C
LONG BEACH CA 90813-5724

### Questions?

*Available by phone 24 hours a day, 7 days a week:*
**1-800-CALL-WELLS**  (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:*  Wells Fargo Bank, N.A. (114)
P.O. Box 6995
Portland, OR  97228-6995

## Your Business and Wells Fargo

The Wells Fargo Works Project is an online video series following five small business owners as they receive help and guidance from Wells Fargo for business goals that range from creating a marketing plan to positioning their business for sale. See how Wells Fargo works for these small businesses and can work for you at wellsfargoworks.com.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☐ |
| Business Bill Pay | ☑ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

## Summary of accounts

### Checking/Prepaid and Savings

| Account | Page | Account number | Ending balance last statement | Ending balance this statement |
|---|---|---|---|---|
| Gold Business Services Package | 2 | 8543835386 | 2.63 | 29.51 |
| Business Market Rate Savings | 4 | 1439549005 | 44.00 | 38.00 |
| Total deposit accounts | | | **$46.63** | **$67.51** |

Primary account number: **8543835386**  ■ May 1, 2014 - May 31, 2014  ■ Page 2 of 6



# Gold Business Services Package

## Activity summary

| | |
|---|---|
| Beginning balance on 5/1 | $2.63 |
| Deposits/Credits | 5,666.00 |
| Withdrawals/Debits | 5,639.12 |
| **Ending balance on 5/31** | **$29.51** |
| Average ledger balance this period | $1,164.81 |

Account number: **8543835386**

PEACE MORTUARY SUPPORT SERVICE

*California account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 121042882

For Wire Transfers use
Routing Number (RTN): 121000248

### Overdraft Protection
This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo store.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 5/1 | | Deposit | | | |
| 5/2 | | Deposit Made In A Branch/Store | 709.00 | | |
| 5/2 | | Cashed Check | 4,957.00 | | 711.63 |
| 5/5 | | ATM Withdrawal - 05/04 Mach ID 9946L 2598 Cherry Aved Signal Hill CA 2170 0009695 | | 600.00 | 5,068.63 |
| 5/5 | | Withdrawal Made In A Branch/Store | | 300.00 | |
| 5/6 | | Cashed Check | | 700.00 | |
| 5/6 | | Check | | 490.00 | 4,068.63 |
| 5/7 | | Check Crd Purchase 05/06 Denny's #7802 Burbank CA 425907xxxxxx2170 304126326366424 ?McC=5812 | | 1,377.92 | 2,200.71 |
| 5/7 | | POS Purchase - 05/07 Mach ID 000000 Costco Whse 04 Signal Hill CA 2170 00000000245890778 ?McC=5411 | | 25.00 | |
| 5/7 | | ATM Withdrawal - 05/07 Mach ID 9946L 2598 Cherry Aved Signal Hill CA 2170 0000381 | | 20.70 | |
| 5/8 | | Check Crd Purchase 05/07 Anc*Ancestry Com 800-2623787 UT 425907xxxxxx2170 464127453274308 ?McC=5968 | | 100.00 | 2,055.01 |
| 5/8 | | POS Purchase - 05/07 Mach ID 000000 Kh Supermarket 915 E A Long Beach CA 2170 00000000644086781 ?McC=5411 | | 19.99 | |
| 5/9 | | POS Purchase - 05/08 Mach ID 000000 Superior Grocer 1033 L Long Beach CA 2170 00384129077073524 ?McC=5411 | | 197.31 | 1,837.71 |
| 5/9 | | ATM Withdrawal - 05/09 Mach ID 9946L 2598 Cherry Aved Signal Hill CA 2170 0000970 | | 51.30 | |
| 5/12 | | ATM Withdrawal - 05/10 Mach ID 9946L 2598 Cherry Aved Signal Hill CA 2170 0001198 | | 280.00 | 1,506.41 |
| 5/12 | | ATM Withdrawal - 05/11 Mach ID 9946L 2598 Cherry Aved Signal Hill CA 2170 0001314 | | 80.00 | |
| 5/12 | | ATM Withdrawal - 05/12 Mach ID 9946L 2598 Cherry Aved Signal Hill CA 2170 0001542 | | 100.00 | |
| 5/13 | | Harland Clarke Check/Acc. 051214 00637697575482 Peace Mortuary Support | | 200.00 | 1,126.41 |
| 5/13 | | Check Crd Purchase 05/12 Godaddy.Com 480-5058855 AZ 425907xxxxxx2170 464132780706753 ?McC-4816 | | 100.82 | |
| 5/13 | | ATM Withdrawal - 05/13 Mach ID 9946L 2598 Cherry Aved Signal Hill CA 2170 0001730 | | 14.97 | |
| 5/13 | | Withdrawal Made In A Branch/Store | | 200.00 | |
| 5/14 | | ATM Withdrawal - 05/14 Mach ID 9946L 2598 Cherry Aved Signal Hill CA 2170 0001975 | | 68.00 | 742.62 |
| | | | | 200.00 | 542.62 |

Primary account number:  8543835386  ■ May 1, 2014 - May 31, 2014 ■ Page 3 of 6



## Transaction history (continued)

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 5/15 | | Check Crd Purchase 05/13 Bamboo Island Long Beach CA 425907xxxxxx2170 384133689380820 ?McC=5812 | | | |
| 5/15 | | Check Crd Purchase 05/14 Jack IN The Box #3 Los Angeles CA 425907xxxxxx2170 464134703366944 ?McC=5814 | | 30.00 | |
| 5/19 | | POS Purchase - 05/17 Mach ID 000000 Cannes Beach Inc Long Beach CA 2170 0030413769019892 ?McC=5499 | | 16.09 | 496.53 |
| 5/19 | | POS Purchase - 05/17 Mach ID 000000 Sr Liquor Long Beach CA 2170 0038413801784573G ?McC=5499 | | 32.30 | |
| 5/19 | | ATM Withdrawal - 05/18 Mach ID 9946L 2598 Cherry Aved Signal Hill CA 2170 0002772 | | 46.07 | |
| 5/27 | | POS Purchase - 05/24 Mach ID 000000 Staples Inc Long Beach CA 2170 00304144714376521 ?McC=5943 | | 300.00 | 118.16 |
| 5/28 | | Recur Debit Crd Pmt05/27 Anc*Ancestry.Com 800-2623787 UT 425907xxxxxx2170 384174251268034 ?McC=5968 | | 68.66 | 49.50 |
| Ending balance on 5/31 | | | | 19.99 | 29.51 |
| Totals | | | | | 29.51 |
| | | | **$5,666.00** | **$5,639.12** | |

The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted  If you had insufficient available funds when a transaction posted, fees may have been assessed.

## Summary of checks written  (checks listed are also displayed in the preceding Transaction history)

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| | 5/6 | 490.00 | | 5/2 | 600.00 | | 5/6 | 1,377.92 |

## Monthly service fee summary

For a complete list of fees and detailed account information, please see the Wells Fargo Fee and Information Schedule and Account Agreement applicable to your account or talk to a banker  Go to wellsfargo com/feefaq to find answers to common questions about the monthly service fee on your account.

Fee period 05/01/2014 - 05/31/2014

This is the final period with the fee waived.  For the next fee period, you need to meet the requirement(s) to avoid the monthly service fee.

| | Standard monthly service fee $14.00 | You paid $0.00 |
|---|---|---|

How to avoid the monthly service fee  (complete 1 AND 2)

1) Have any **ONE** of the following account requirements

| | Minimum required | This fee period | |
|---|---|---|---|
| Average ledger balance | | | |
| Qualifying transaction from a linked Wells Fargo Business Payroll Services account | $7,500.00 | $1,165.00 | ☐ |
| Qualifying transaction from a linked Wells Fargo Merchant Services account | 1 | 0 | ☐ |
| Automatic transfer to an eligible Wells Fargo business savings account | 1 | 0 | ☐ |
| · Linked Direct Pay Service through Wells Fargo Business Online | $150.00 | $0.00 | ☐ |
| · Combined balances in linked accounts, which may include | 1 | 0 | ☐ |
| · Average ledger balances in business checking, savings, and time accounts | $10,000.00 | | ☐ |

- Most recent statement balance of business credit card, Wells Fargo Secured Credit Card, BusinessLine® line of credit, Secured BusinessLine® line of credit, Wells Fargo Express Equity® line of credit, and Wells Fargo BusinessLoan® term loan

- Combined average daily balances from the previous month for Business PrimeLoan™, Wells Fargo Express Equity® loan, Wells Fargo Express Refi® loan, Wells Fargo Purchase Advantage®' loan, Wells Fargo Small Business Advantage® line of credit, Equipment Express® loan, and Equipment Express® Single Even  l loan

2) Complete the package requirements

- Have qualifying linked accounts or services in separate categories*

*Includes Wells Fargo business accounts and services such as debit card, savings accounts, active Online Banking, credit card, loans and lines of credit.    ☑

c2/c2

3

Primary account number: **8543835386**  ■ May 1, 2014 - May 31, 2014  ■ Page 4 of 6



## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 4,900 | 7,500 | 0 | 0.0030 | 0.00 |
| Transactions | 7 | 200 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

Did you know that you can review your safe deposit box information through Wells Fargo Business Online Banking? Sign on to business online banking at wellsfargo.com/biz and go to your account summary page to review details

## Business Market Rate Savings

### Activity summary

| | |
|---|---|
| Beginning balance on 5/1 | $44.00 |
| Deposits/Credits | 0.00 |
| Withdrawals/Debits | - 6.00 |
| **Ending balance on 5/31** | **$38.00** |
| Average ledger balance this period | $44.00 |

Account number:  **1439549005**

**PEACE MORTUARY SUPPORT SERVICE**
*California account terms and conditions apply*
For Direct Deposit use
Routing Number (RTN): 121042882
For Wire Transfers use
Routing Number (RTN): 121000248

### Interest summary

| | |
|---|---|
| Interest paid this statement | $0.00 |
| Average collected balance | $44.00 |
| Annual percentage yield earned | 0.00% |
| Interest earned this statement period | $0.00 |
| Interest paid this year | $0.00 |

## Transaction history

| Date | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|
| 5/30 | Monthly Service Fee | | 6.00 | 38.00 |
| | **Ending balance on 5/31** | | | 38.00 |
| | **Totals** | **$0.00** | **$6.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

1
2          Exhibit "I"
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TrueEarnings Card

HOK TAP
Closing Date 06/20/14



Account Ending 2-

## Payments and Credits

### Summary

Payments

Credits                                                                                    To

Total Payments and Credits                                                       -$35

### Detail    *Indicates posting date                                                    $0

                                                                                           -$35.

Payments

06/16/14*     PAYMENT RECEIVED ACH - THANK YOU                                           Amou

                                                                                           -$35.0

## New Charges

### Summary

Total New Charges

### Detail                                                                             Tota

                                                                                           $338.1

HOK TAP
Card Ending 2-11004

| | | Amount |
|---|---|---|
| 05/23/14 | FOOD4LESS FUEL #13178884373496 | |
| | 8884373496 | |
| | AUTOMATED FUEL | $31.06 |
| 05/23/14 | FOOD4LESS FUEL #13178884373496 | |
| | 8884373496 | |
| | AUTOMATED FUEL | $50.01 |
| 05/28/14 | FOOD4LESS FUEL #13178884373496 | |
| | 8884373496 | |
| | AUTOMATED FUEL | $50.26 |
| 05/28/14 | FOOD4LESS FUEL #13178884373496 | |
| | 8884373496 | |
| | AUTOMATED FUEL | $25.04 |
| 06/02/14 | INT*FLEET TRAX INC. 817-329-6400 | |
| | 817-329-6400 | |
| 06/10/14 | FOOD4LESS FUEL #13178884373496 | $124.75 |
| | 8884373496 | |
| | AUTOMATED FUEL | $57.00 |

## Fees

Total Fees for this Period                                                              Amount

                                                                                          $0.00

AMERICAN
EXPRESS

*HOK TAP*
Closing Date 06/20/14

## Cash Back Reward Summary

Account Ending 2-

Total Cash Back as of May 2014 Billing Period Charges
$42.98

| | | |
|---|---|---|
| Beginning Reward Balance | | |
| Reward Amount Earned* | +$14.64 | |
| Total Reward Year To Date | +$28.34 | |
| | +$42.98 | |

*Charges on this billing statement are not reflected in the Rewards Summary information. Reward Amount Earned is pending until the minimum payment has been made.

## Reward Details

Rewards for May 2014  Billing Period Charges

| | Qualified Spend | | Cash Back Re |
|---|---|---|---|
| U.S. Gas Stations | | | |
| U.S. Restaurants | $231.41 @3% | | |
| Eligible Travel Purchases | $15.43 @2% | | |
| Other Eligible Purchases | $0.00 @2% | | |
| Total Reward This Period | $2,107.53 @1% | | $ |
| Total Reward Year To Date | $2,354.37 | | $2 |
| | $3,787.29 | | $4 |

## Important Messages

Remember to pay at least the Minimum Payment Due by the Payment Due Date for eligible purchases on this statement to count towards your annual reward and to avoid late fees.





1

2          Exhibit "J"

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wells Fargo Bank
Transaction Receipt

Store #0063789 08          Cash Check

                          Check Amount(s)
                             $5,000.00

Check(s) Total       $5,000.00

Fee Total        $0.00

Cash Paid to Customer
                             $5,000.00

Transaction # 008 0014
04:28PM   04/16/14

If you do not have access to a retirement
plan at work, an IRA can be a great way to
save for retirement.

Thank you, Dorsha

1

Exhibit "K"

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECORDING/FILING REQUESTED BY:

NAME    HOK TAP

STREET    515 E HILL ST

CITY &
STATE    LONG BEACH, CA, 90806

FILING FEE $26.00

```
            2014172916
||||||||||||||||||||||||||||||||||||||||
            FILED
         Jun 25 2014
Dean C. Logan, Registrar-Recorder/County Clerk
Electronically signed by MONIQUE DAVIS
```

Current File No. _____ 2014172916 _____

# STATEMENT OF WITHDRAWAL FROM PARTNERSHIP OPERATING UNDER FICTITIOUS BUSINESS NAME

The following person(s) has/have withdrawn as a general partner(s) from the partnership operating under the fictitious business name of ___ PEACE MORTUARY SUPPORT SERVICE ___ located at (street address of principal place of business) ___ 1480 CERRITOS AVE #C ___ LONG BEACH CA, 90813 _____

The fictitious business name statement for the partnership was filed on ___ June 25, 2014 ___ in the County of ___ LOS ANGELES _____

The full name and residence of the person(s) withdrawing as a partner(s):

**(Please print or type)**

| NAME | ADDRESS |
|---|---|
| HOK TAP | 515 E.HILL ST |
| | LONG BEACH, CA 90806 |

I declare that all information in this statement is true and correct.
(A registrant who declares as true, information which he or she knows to be false, is guilty of a crime.)

**SIGNED:**

This statement was filed with the County Clerk of Los Angeles County on the date indicated by file stamp above.

**SEE REVERSE SIDE FOR INSTRUCTIONS**

Exhibit "L"

# NOTICE OF PENDING LIEN SALE FOR VEHICLE VALUED $4000 OR LESS
## (Civil Code §3072)

Lien Sale Unit
P.O. Box 932317
Sacramento, CA 94232-3170
F&B
LOG

**NOTE TO THE LIENHOLDER:** This notice is to be sent to the registered owner, the legal owner, Department of Motor Vehicles, and any other person interested in this vehicle. 31 to 4 days before the date of sale (do not count day of sale) by certified mail, return receipt requested, or US Postal Service Certificate of Mailing.

**EXCEPTION:** Notice to the department must be sent by certified mail, return receipt requested.

At least 10 days before the sale, a copy of this notice shall be posted in a conspicuous place on the premises where the business office of the lienholder, and if the sale occurs at a place other than the business office, a notice must be posted at the site of the upcoming sale.

**TO WHOM IT MAY CONCERN:**
1. I have to notify you that I intend to sell this vehicle at a Lien Sale (public sale), because my towing, storage or repair bill has not been paid. You may:
   1. Pay to take one of the following actions:
   2. Stop the Sale and dispute the lien in court. You may stop the sale by completing the Declaration of Opposition below and forwarding this notice to the DMV within 10 days of the date this notice was mailed. However, if you are the last owner of record,
   3. Disregard this notice if you no longer own the vehicle, so I can proceed with the sale.
   you may be liable for removal and disposition costs and lien not satisfied by sale of the vehicle.

### VEHICLE DESCRIPTION

| LICENSE NUMBER | STATE REGISTERED | LICENSE EXPIRATION DATE | VEHICLE IDENTIFICATION NUMBER (VIN) |
|---|---|---|---|
| 7FAX059 | CA | 04/10/15 | 5FNRL38475B081627 |

| MAKE | YEAR | MODEL | BODY TYPE | ENGINE NUMBER (MOTORCYCLES ONLY) |
|---|---|---|---|---|
| HOND | 05 | VAN | SV | |

### INFORMATION ABOUT MY LIEN

| DATE VEHICLE CAME INTO MY POSSESSION | DATE OWNER BILLED FOR SERVICE/STORAGE | DATE WORK ON SERVICES COMPLETED |
|---|---|---|
| 07/16/14 | 08/15/14 | |

The amount and basis for my lien and outstanding parking violation bail is:

| STORAGE TO-DATE | AT THE RATE OF | TOWING | REPAIRS | PARKING VIOLATIONS (VC 2081.1) | COST TO CONDUCT LIEN SALE |
|---|---|---|---|---|---|
| $ 1705.00 | $ 55.00 PER DAY | $ | $ | $ | $ 70.00 |

MY TOWING AND STORAGE WAS AUTHORIZED BY A PUBLIC AGENCY:
☐ YES   ☒ NO

### INFORMATION ABOUT THE SALE

The vehicle will be available for inspection at least one hour prior to the sale.

| DATE NOTICE OF SALE MAILED | DATE OF SALE | HOUR OF SALE |
|---|---|---|
| 08/15/14 | 09/16/14 | 10:00 AM |

| LIEN/LOCATION OF SALE (STREET ADDRESS) | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 538 E. PACIFIC COAST HWY | LONG BEACH, CA | CA | 90806 |

### CERTIFICATION

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I have no information or belief that there is a valid defense to the claim which gives rise to the lien.

| DATE | SIGNATURE OF LIENHOLDER OR AGENT ACTING FOR LIENHOLDER |
|---|---|
| 08/15/14 | X _(signature)_ |

FOR: TED STINSON

| PRINT TRUE FULL NAME | | |
|---|---|---|
| TED STINSON | | |

| AGENT ACTING FOR LIENHOLDER (NAME) | TELEPHONE NO. |
|---|---|
| | (562) 254-7621 |

| ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 538 E. PACIFIC COAST HWY | LONG BEACH, CA | CA | 90806 |

| LIENHOLDER (NAME) | BUREAU OF AUTOMOTIVE REPAIR NO. |
|---|---|
| Pacific Automotive Services | NONE |

| ADDRESS | TELEPHONE NO. | REGISTRATION SERVICE NUMBER |
|---|---|---|
| P. O. BOX 55907 | (818) 892-5844 | 44946 |

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | Sherman Oaks | CA | 91413-0907 |

### DECLARATION OF OPPOSITION

(Must be sent to DMV within 10 days of date notice of sale mailed)

**TO: DEPARTMENT OF MOTOR VEHICLES**
Please Stop the lien sale of the vehicle because I wish to contest the claim of the lienholder. I understand the lienholder may file an action in court and if judgment is given in his/her favor, I may be liable for the court costs. The address at which I may be served or notified in person of any court action is:

| NAME | | | |
|---|---|---|---|
| | | | |

| ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | ( ) |

| MAILING ADDRESS IF DIFFERENT THAN ABOVE | TELEPHONE |
|---|---|
| | ( ) |

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| DATE | SIGNATURE |
|---|---|
| | X |

**ATTENTION:** This Declaration of Opposition will not be valid unless you have signed, provided your true full name, and a valid address. If the lienholder is unable to serve you with a court action, he/she will be allowed to continue with the lien sale (Civil Code 3072).

---

### REGISTERED OWNER
TAP HOK
515 E HILL ST
LONG BEACH, CA 90806

### LEGAL OWNER

Department of Motor Vehicles
Lien Sale Unit
P.O. Box 932317
Sacramento, CA 94232-3170

### INTERESTED PARTIES
4 STARS AUTO DISM
921 N HENRY FORD AVE
WILMINGTON, CA 90744

Pacific Lien Sales (Form 2)

REG 668 (REV 7/2007)

1

2          Exhibit "M"

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4200 International Parkway
Carrollton, TX 75007-1912

Offices of
**CREDIT MANAGEMENT, LP**

> Credit Management, LP, a professional debt collection
> agency, is attempting to collect a debt.  Any information
> obtained will be used for that purpose.

December 15 2014     1-866-914-3647

**dba CMI Services LP**

**SEE BACK OF PAGE FOR IMPORTANT INFORMATION**

Hok Tap
515 E Hill St # 521
Long Beach, CA  90806-4413

598

CMI Reference #: 057329394 2
Creditor: 103328-CHARTER COMMUNICATIONS
Account #: 245100405058211
Total Balance Due: $123.89

---

**DEMAND NOTICE**

**CALL 1-866-914-3647 TODAY**

Dear Hok Tap:

CHARTER COMMUNICATIONS's records indicate that your account remains seriously past due and that you owe a balance of **$123.89**. We ha
attempted to contact you about your obligations and the balance still remains unpaid.

Credit Management, LP has reported your account information to the three national credit bureaus. Once Credit Management, LP receives payme
in full for this account, our office will update the three national credit bureaus accordingly.

If you wish to have your account removed from active collections, please call **1-866-914-3647** or remit your balance in full today, using the paym
slip below.

Sincerely,

Credit Management, LP - Collections Department, a member of ACA International

**Our Check Processing Policy:**  When you provide a check as payment, you authorize us to use information from your check to make an electronic
fund transfer from your account or to process the payment as a check transaction.  If your check is returned unpaid, you expressly authorize your
account to be electronically debited or bank drafted for the amount of the check, plus any applicable fees (calculated as the highest amount permitt
by law).  The use of a check for payment is your acknowledgement and acceptance of these policies, terms and conditions.  Please note that if the
original creditor on this account processes your check, you may be subject to a different set of check processing policies.  You should contact the
original creditor if you have any questions pertaining to how they might process your check. Please note that payments made to Credit Managemer
LP by means other than over the phone or online (e.g., those sent by mail) will not incur a convenience fee.

**DETACH & RETURN THIS PORTION WITH YOUR PAYMENT**

Hok Tap
CMI Reference #:   057329394 2
Creditor:   103328-CHARTER COMMUNICATIONS
Account #: 245100405058211

Balance

$123.89

**Ways to Pay:**
Credit Card, Check, or Money Order
Pay by mail or online at www.creditmanagementonline.com
**Automated phone service: 1-866-914-3647**
**Speak with a representative: 1-866-914-3647**
Money Gram (receive code 6504) or Western Union

**Total Amount Due:**          $123.89

**Amount Enclosed:**        $_____

CHARTER COMMUNICATIONS
C/O CREDIT MANAGEMENT
P.O. BOX 118288
CARROLLTON, TX 75011-8288



**CREDIT**
MANAGEMENT, L.P.

This is an attempt to collect a debt.
Any information obtained will be used
for that purpose.

| Account Summary | |
|---|---|
| Original Creditor | CHARTER COMMUNICATIONS |
| Creditor Account # | 245100405058211 |
| Total Amount Due | $123.89 |

4200 International Parkway
Carrollton, TX 75007-1912

03/09/15

Hok Tap
515 E Hill St # 521
Long Beach, CA 90806-4413

Reference #: 057329394

## LET US HELP YOU RESOLVE YOUR ACCOUNT

Dear Hok Tap,

We have made several attempts to contact you, but your account remains unpaid. It is imperative that you get this resolved now.

Flexible payment options are available to fit your financial situation, so contact us today. Once the account is paid, collection efforts will stop.

**Notice – See reverse side for important notices and consumer rights.**

Sincerely,

Credit Management, LP Collections Department – member of ACA International

---

### Credit Management, LP Contact Information

Call Toll-Free 866-914-3647 to discuss payment arrangements. Let us prove how committed we are to working with you!

 Send mail to:
Credit Management. LP
PO Box 118288
Carrollton, TX
75011-8288

You can now pay online at:
www.creditmanagementonline.com
or scan the QR code from
your smart phone.



Office Hours: Central Time
8:00AM – 9:00PM  M–Th
8:00AM – 7:00PM  Fr
9:00AM – 1:00PM  Sat,
except Holidays

CMIG/7G   373133619750     5912/000002857/000000014

---

**Detach And Return With Payment**                                                                      REN-7G

4200 International Parkway
Carrollton, TX 75007-1912



| Account Information | |
|---|---|
| Original Creditor: | CHARTER COMMUNICATIONS |
| Reference #: | 057329394 |
| Client #: | 103328 |
| Hok Tap | |
| Total Amount Due: | $123.89 |
| Amount Enclosed: | $ |

03/09/15

Hok Tap
515 E Hill St # 521
Long Beach, CA 90806-4413

**Ways to Pay:**
Credit Card, Check, Money Order, or MoneyGram (code 6504)
Pay by mail or online at www.creditmanagementonline.com
Automated phone service 866-914-3647
Speak with a representative 866-914-3647

Balance                                    $123.89

Total Amount Due:                          $123.89

PLEASE SEE REVERSE SIDE TO

**DIRECT COLLECTION SERVICES**
**C I A L**



Two Wells Avenue, Newton, MA 02459
Hours: Monday - Friday: 8:00AM-7:00PM, ET
Self Service: www.SettlementNotice.com

**DIRECT LINE: 1 (617) 581-1022**

Date: 01/09/15
UNITED FINANCIAL CASUALTY COMPANY
123.19
01432464-0000-38-04-9G
01.0019.65041
90806

D50121B    01-01-8-02
18737 MB 0.300 T 66

THOU NAN
515 E HILL ST
LONG BEACH CA 90806-4413

THIS IS A STATUS UPDATE

30801213

# SETTLEMENT OPPORTUNITY

This notice represents an opportunity to settle your payment obligation. You can visit
**www.SettlementNotice.com** to pay a reduced amount offered online, and this office will
update the status of your account as settled-in-full. Alternatively, you can call this office for
personal assistance.

If you wish to discuss suitable payment arrangements, please call and we will work together
to resolve this matter. Our call center is committed to providing a professional customer
service experience.

Please be advised, failure to respond to this notice will lead to additional recovery efforts in
compliance with applicable State and Federal law(s). In accordance with Federal Law, the
following warning notice is required: This is an attempt to collect a debt and any information
obtained will be used for that purpose. This communication was sent by a debt collector.

**CONSUMER CREDIT REPORT:** Under Federal Law, you have the right to receive a free
copy of your credit report from the three nationwide consumer reporting agencies (Equifax,
Experian, and Trans Union), once every 12 months. To access a link to the official site, visit
our payment website @ **www.SettlementNotice.com**.

**SENDING CORRESPONDENCE:** Very important; attach a copy of this notice as your cover
sheet when faxing or mailing. Fax to: (617) 762-3360. Mail to: CCSC P.O. Box 935,
Portsmouth, NH 03802-0935.

## PLEASE CALL THIS OFFICE FOR PERSONAL ASSISTANCE

**UNITED FINANCIAL CASUALTY COMPANY | 123.19 | 01.0019.65041 | 90806**

**FN: 01.0019.65041**

**PN: 90806**

**THOU NAN**

UNITED FINANCIAL CASUALTY COMPANY
PROCESSING CENTER
P.O. BOX 55156
BOSTON, MA 02205-5156

**CHECK-BY-PHONE AND CREDIT CARD ACCOMMODATION**
You can receive personal assistance by calling (800) 345-7498.
Our Customer Service Representatives are professionally trained
and available during extended business hours.
**SELF SERVICE OPTIONS AVAILABLE ONLINE**

THIS IS A STATUS UPDATE

FORM B104 (08/07)

2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>HOK TAP | DEFENDANTS<br>TONY NAN THOU |
|---|---|

**RECEIVED**

JUL 27 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>IN PRO PER | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
DEFENDANT SUCCESSFULLY SCAMMED AND CONVINCED PLAINTIFF TO DO A PARTNERSHIP BUSINESS WITH A
CONSTRUCTIVE FRAUDULANT WHILE ACTING AS A FDUCIARY, EMBEZZELMENT AND/OR LARNY.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☒ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

*(continued next column)*

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

**Other Relief Sought**
DEFENDANT SHALL PAY ALL MONEY OF $80,000.00 AND TWO (2) OTHER VEHICLES BACK TO PLAINTIFF

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| TONY NAN THOU | 2:15-bk-19694 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | LOS ANGLES | |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| HOK TAP | TONY NAN THOU | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| *Hok Tap.* |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 7/26/15 | HOK TAP |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.